## MANNING v. DAVIS.

Opinion delivered May 20, 1929.

*Brundidge & Neelly,* for appellant.

*John E. Miller,* for appellee.

McHANEY, J. On August 23, 1924, appellant entered into a contract with the appellee for the sale to him of a certain tract of land in White County, Arkansas, for a consideration of $1,700, in which appellee agreed to pay a certain note and mortgage to the Conservative Loan Company in the sum of $1,200 as a part of the consideration. The agreement further recites that: "I, M. D. Manning, am to pay all interest on said loan up to September 1, 1924, and said G. H. Davis is to pay me the difference between the loan and interest up to $1,700 on

delivery of deed of said land by me, M. D. Manning, to G. H. Davis or his agent.'' Pursuant to that agreement, on October 29, 1924, appellant and his wife executed and delivered a warranty deed to the appellee, conveying said land to him, containing the following warranty clause: ''And we hereby covenant with the said G. H. Davis, his heirs and assigns, that we will forever warrant and defend the title to said lands against all lawful claims whatever, except for the mortgage above mentioned, and special assessments for improvement purposes.''

At that time both parties figured the accrued interest on the $1,200 mortgage to the Conservative Loan Company to September 1, to be $72, which was 9 per cent. for 8 months. This amount was deducted from the $500 due appellant, and a check given him for $428, in full settlement of the amount due him above the mortgage. Thereafter appellee paid off the loan to the Conservative Loan Company, with interest after September 1, and the interest for 8 months to September 1. Later the Conservative Loan Company advised appellee that it held a second mortgage on this land to secure a balance due it by way of commission or brokerage in making the loan of approximately $215, which appellee was compelled to pay in order to free his land from the lien of said mortgage. He thereafter instituted this suit to recover from appellant the amount so expended by him, alleging a breach of the warranty in the deed. The chancery court found in appellee's favor, and entered a judgment against appellant for the amount in controversy.

We think the chancery court was correct in so holding. The total consideration agreed to be paid by appellee, as set out in the written contract of sale and in the deed, as well as by the undisputed evidence, was $1,700. By the undisputed evidence this amount was paid in full by payment of the $1,200 loan and interest, after September 1, to the Conservative Loan Company, and the $500 paid to appellant, less accrued interest of $72, which was paid to the loan company for the account

of appellant. If the balance due on the second mortgage is said to be interest, then it was appellant's duty to pay it by the plain provisions of his contract of August 23, as he there agreed to pay all interest on account of the loan up to September 1, 1924. If it be said to be an additional incumbrance, securing an indebtedness for any other purpose, it was not excepted in appellant's deed to appellee, and constitutes a breach of warranty. In no event did appellee agree to pay more than $1,700 for the land. The amount of the second mortgage was appellant's debt which appellee was under no obligation to discharge. He did not assume it or agree to pay it, nor was it excepted from the warranty in the deed of conveyance.

We find no error, and the decree is affirmed.